UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| TAMORA MALONE, | ) | |
|---|---|---|
| | ) | |
| Plaintiff | ) | |
| | ) | CAUSE NO. 3:06-CV-208 RM |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

OPINION and ORDER

Tamora Malone has filed a motion to appoint counsel, an emergency motion for court ordered injunction, and a motion for a restraining order. Ms. Malone asks the court to appoint an attorney without cost to her because she cannot afford an attorney and because Legal Aid will not take her case. However, "[c]ivil litigants generally have no right to free legal aid in civil lawsuits," Synergy Assoc., Inc. v. Sun Biotechnologies, Inc., 350 F.3d 681, 683 (7th Cir. 2003), and Ms. Malone has already "displayed the necessary competence to present a basic, adequate case." Johnson v. Doughty, 433 F.3d 1001, 1007 (7th Cir. 2006). The court requires an adequate basis be shown before appointing an attorney without cost to a civil litigant. *See, e.g.,* DiAngelo v. Illinois Dept. of Public Aid, 891 F.2d 1260, 1262 (7th Cir. 1989) (courts do not intervene on plaintiff's behalf "as of course; they recruit recruit lawyers for the [civil] parties only when the cases are colorable, the facts may be difficult to assemble, and the law is complex."). Ms. Malone has not made this requisite showing, and so her motion to appoint counsel is DENIED [Doc. No. 7].

Ms. Malone's remaining motions for an injunction and/or a restraining order are DENIED as not in compliance with the notice provision of FED. R. CIV. P. 65 or the filing requirements of N.D. IND. R. 65.1 [Doc. Nos. 8 & 9].

SO ORDERED.

ENTERED: July 13, 2006

                                        /s/ Robert L. Miller, Jr.
                                    Chief Judge
                                    United States District Court